UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| JONATHAN ROBERT MCCLAIN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:24-cv-00010-GFVT |
| ) | |
| v. ) | |
| ) | |
| DR. STACY, *et al*., ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | |

*** *** *** ***

Jonathan Robert McClain is an inmate currently confined at the Luther Luckett Correctional Complex in La Grange, Kentucky. In October 2023, McClain filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. *See* [R. 1.] The Court has granted McClain permission to proceed *in forma pauperis* by prior Order.[1] *See* [R. 5.] This matter is before the Court to conduct the initial screening required by 28 U.S.C. § 1915(e)(2). *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

In his complaint McClain alleges that from 2016 to 2018 he resided in a home for persons with intellectual disabilities. *See* [R. 1 at 4.] According to McClain, during that period his

---

[1] McClain filed his complaint in the United States District Court for the Western District of Kentucky. *See* [R. 1 at 1.] After granting *pauper* status, the Western District recently transferred the case to this Court on venue grounds based upon its belief that McClain "alleges claims arising out of his placement in a residential home located in Pendleton, Kentucky." *See* [R. 9 at 1.] The locational element of that belief was unfounded: the complaint is entirely silent as to the location of the home or the residence of the named defendants. As to where the events described in the complaint transpired, McClain states only that a defendant drove him a few times to therapy appointments in Louisville, Kentucky, before he stopped doing so. *See* [R. 1 at 7.] The transfer of this action to this Court pursuant to 28 U.S.C. § 1406(a) was therefore improper. Nonetheless, in light of the Court's disposition of this matter, the Court concludes that a return transfer is not warranted.

caregiver Steve Losch frequently left him and the other residents of the home unattended, would not allow residents to leave the home, would drive while intoxicated, and did not provide adequate food.  *See id.* at 4-5.  Those omissions, McClain claims, caused emotional stress resulting in a relapse into criminal behavior.[2]  *See id*. at 4, 7.  McClain names Losch as a defendant, as well as "Stacy," "Kim," and "Teresa."  He states that all four were employed by "Kentucky Nursing Services (Homeplace)."  McClain makes no allegations about Stacy, Kim, and Teresa.  *See id.* at 2, 4.

Having reviewed the complaint, the Court will dismiss it for failure to state a claim.  McClain completed his complaint on a form approved by the Western District to assert claims under 42 U.S.C. § 1983, and he asserts that the defendants "committed cruel and unusual punishment" against him.  *See* [R. 1 at 7.]  The prohibition against "Cruel and Unusual Punishments" is found in the Eighth Amendment to the United States Constitution.  *See* U.S. Const., Am. VIII.  However, 42 U.S.C. § 1983 only authorizes a civil action for damages against those who act under color of law, meaning at the behest of the government.  In contrast, actions taken by private citizens, no matter how discriminatory or wrongful, are not actionable under Section 1983.  *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).  McClain does not allege that any of the named defendants are state employees.  Indeed, he says they were all employed by Kentucky Nursing Services (Homeplace), presumably a private company.  Absent allegations of state action, a claim under Section 1983 will not lie.  *Bright v. Gallia Cnty., Ohio*, 753 F.3d 639, 653 (6th Cir. 2014).

---

[2] In April 2018, McClain was charged with more than two dozen child sex offenses.  McClain pleaded guilty in January 2023 and is currently serving the resulting 8-year sentence.  *See Comm. v. McClain*, No. 18-CR-13 (Trimble Cir. Ct. 2018); *Comm. v. McClain*, No. 18-CR-14 (Trimble Cir. Ct. 2018).

Even if this were not the case, McClain's claims are plainly barred by the applicable statute of limitations. Because 42 U.S.C. § 1983 does not provide its own limitations period, federal courts apply the most analogous statute of limitations from the state where the events occurred. *Zundel v. Holder*, 687 F.3d 271, 281 (6th Cir. 2012). The events about which McClain now complains occurred in Kentucky; therefore, Kentucky's one-year statute of limitations for asserting personal injuries applies. Ky. Rev. Stat. § 413.140(1)(a); *Bonner v. Perry*, 564 F.3d 424, 431 (6th Cir. 2009). McClain complains about events occurring from 2016 to 2018, *see* [R. 1 at 4,] and the arrest and prosecution about which he complains occurred in April 2018. His claims accrued no later than this. *See Johnson v. Memphis Light Gas & Water Div.*, 777 F. 3d 838, 843 (6th Cir. 2015) (noting that a plaintiff's claims accrue once he "[knew or had] reason to know of the injury which is the basis of his action."). McClain was therefore required to file suit within one year, or no later than April 2019. Because his complaint was filed years later than this, its claims are time-barred and must be dismissed.

Accordingly, and the Court being otherwise sufficiently advised, it is **ORDERED** as follows:

1. The complaint filed by plaintiff Jonathan McClain [R. 1] is **DISMISSED**, with prejudice.
2. This matter is **STRICKEN** from the docket.

This the 1st day of July 2024.

Gregory F. Van Tatenhove
United States District Judge

3